JOHN L. BURRIS, Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
THE LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEILANI JIMENEZ, individually, and as
successor-in-interest for Decedent DENNIS
JIMENEZ; J.J., a minor, by and through his
guardian ad litem Leilani Jimenez; D.J., a
minor, by and through her guardian ad litem
Leilani Jimenez, and DENNIS JIMENEZ, Jr.
an individual,

                  Plaintiffs,

        v.

COUNTY OF ALAMEDA,  a municipal
corporation and DOES 1-50, individually,
inclusive;

                Defendants.

_____

Case No.:

COMPLAINT FOR DAMAGES
(42 U.S.C. § 1983 and pendent tort
claims)

JURY TRIAL DEMANDED

INTRODUCTION

1

1        1.      These claims arise out of the wrongful death of DENNIS JIMENEZ

2   on September 1, 2012.  Defendant COUNTY OF ALAMEDA, Santa Rita Jail

3   facility employees negligently, and with deliberate indifference, failed to

4   monitor Mr. Jimenez, despite being aware of his multiple recent suicide attempts

5   while in custody at the Santa Rita Jail facility.

6                                    JURISDICTION

7        2.      This action arises under Title 42 of the United States Code, Section

8   1983. Title 28 of the United States Code, Sections 1331 and 1343 confer

9   jurisdiction upon this Court.  The unlawful acts and practices alleged herein

10  occurred in the City of Dublin, County of Alameda, California, which is within

11  this judicial district.

12                                    PARTIES

13       3.      Decedent, DENNIS JIMENEZ, died while under the negligent

14  supervision and deliberate indifference of Defendant County of Alameda

15  employees. Decedent was married at the time of death and died without leaving a

16  will.  Decedent had three children. This action seeks to recover damages for the

17  violation of rights personal to Decedent. This action is maintained on behalf of

18  Decedent, and by his successors in interest, his spouse LEILANI JIMENEZ, his

19  biological, minor children J.J., D.J. and his biological son DENNIS JIMENEZ

20  JR. Said plaintiffs are persons with standing to bring the action pursuant to

21  California Code of Civil Procedure Sections 377.30.and 377.60 and California

22  Probate Code Section 6402.

23       4.      Plaintiff, LEILANI JIMENEZ, is now and at all times mentioned

24  herein a United States Citizen. Plaintiff is the widow of and successor-in-interest

25  to Decedent DENNIS JIMENEZ. At all times mentioned herein Plaintiff

26  LEILANI JIMENEZ was married to Decedent DENNIS JIMENEZ, and is also

27  the mother of Plaintiffs J.J. and D.J. who are the natural born children of

28  Decedent DENNIS JIMENEZ. She brings this action on her own behalf, as

successor-in-interest to her husband, Decedent DENNIS JIMENEZ and on behalf of Minor Plaintiffs J.J. and D.J. as their Guardian Ad Litem.

5.    Minor Plaintiff J.J. is the son of Decedent DENNIS JIMENEZ and Plaintiff LEILANI JIMENEZ. He is being represented in this action by his Guardian Ad Litem, Leilani Jimenez.

6.    Minor Plaintiff D.J. is the daughter of Decedent DENNIS JIMENEZ and Plaintiff LEILANI JIMENEZ. She is being represented in this action by her Guardian Ad Litem, Leilani Jimenez.

7.    Plaintiff DENNIS JIMENEZ JR., is at all times mentioned herein, a competent adult and a United States Citizen. He is the biological son of Decedent DENNIS JIMENEZ and he is suing in his individual capacity.

8.    Defendant COUNTY OF ALAMEDA (Hereinafter "COUNTY") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. Under its authority, the COUNTY OF ALAMEDA operates the Santa Rita Jail Facility.

9.    Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue said Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Each Defendant proximately caused injuries and damages because of their actions, inaction, negligence, breach of duty, negligent supervision, management or control, violation of public policy, false arrests and unlawful use of force.  Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

10.    In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

11.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13.     For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs have complied with all applicable requirements.

FACTS

14.     On September 1, 2012, at approximately 1:30 p.m. Decedent, DENNIS JIMENEZ was at the Santa Rita Jail Facility, in Dublin, California. Mr. Jimenez was incarcerated on March 11, 2012 and remained in the custody of Defendant COUNTY OF ALAMEDA until September 1, 2012. .

15.     On August 9, 2012, while in the custody of the Santa Rita Jail Facility, Mr. Jimenez attempted to commit suicide in his jail cell, by cutting his wrists.  Three days later, on August 12, 2012, Mr. Jimenez attempted to commit suicide by fashioning a bed sheet into a makeshift noose and hanging himself from his jail cell.  Despite being aware of Mr. Jimenez's two recent suicide attempts, including an attempt to hang himself with a bed sheet, jail staff negligently, in deliberate indifference to his Constitutional rights, placed him back in a cell with a bed sheet.  Defendants at the time were on notice that Decedent was suicidal and had on multiple recent occasions attempted to commit suicide while in their custody. Defendants were also aware at the time they placed Decedent alone in a jail cell with bed sheet, unmonitored for significant periods of time, that bed sheets can and have been used to commit suicide by hanging in jail cells, including on previous occasions at jails run by Defendant COUNTY, including Santa Rita Jail.  As noted, this is the exact method by which Mr. Jiminez had recently, less than three weeks prior to this death, attempted suicide while in custody of Defendant COUNTY, at the very same facility.

16.     On September 1, 2012, jail staff found Mr. Jimenez in his cell, hanging from a makeshift noose made out of a bed sheet.

17.     Jail employees knew that Mr. Jimenez was at a high risk for committing suicide, nevertheless, they still placed him back into a cell with the very same means to harm himself as he attempted to use previously and then left him unattended and gave him ample time to harm himself.

18.     Mr. Jimenez was pronounced dead on September 1, 2012 at 2:45 p.m. Decedent leaves behind his wife and three children.

DAMAGES

19.     As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

20.     Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).  Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

21.     Plaintiffs are entitled to recover damages pursuant to their right of survivorship for the pain and suffering they endured because of violations of their civil rights.

22.     Defendants' intentional and/or negligent conduct proximately deprived Plaintiffs of Decedent's support.

23.     Plaintiffs' found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

FIRST CAUSE OF ACTION

(Wrongful Death - 42 U.S.C. §1983)

25.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 24 of this Complaint.

26.     As set forth above, Plaintiffs were subjected to deprivation of rights by Defendants DOES 1-50, inclusive, acting under color of law of the United States and State of California and of the County of Alameda which rights include, but are not limited to, privileges and immunities secured to Plaintiffs by the Constitution and laws of the United States.   By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of Decedent DENNIS JIMENEZ, including those provided in the Eighth and Fourteenth Amendments to the U.S. Constitution and each Plaintiff, as well as those which are protected under the Fourth and Fourteenth Amendment's prohibition against depriving a person of a right to familial relationships without due process of law.

27.     Defendants DOES 1 through 50 knew or should have known of Decedent DENNIS JIMENEZ'S serious medical, physical and mental health condition, particularly that he had attempted to commit suicide three weeks prior to his death, were deliberately indifferent to them, ignored them failed to provide medical or mental health intervention and care for him.

28.     Defendants knew that DENNIS JIMENEZ was suffering from a mental disability and was a high-risk candidate for suicide. Nevertheless, Defendants ignored his clear need for medical and mental health care, and failed to engage in adequate welfare checks.

29.     Defendants knew and/or had reason to know, that DENNIS JIMENEZ had serious but treatable mental health condition that required care and treatment.  As a result of Defendants' deliberate indifference, DENNIS JIMENEZ was deprived of the necessary and indicated medical intervention, care and treatment.   Without proper treatment or follow-up care, his mental state deteriorated, causing him to continue to suffer pain and mental anguish in violation of his Eighth and Fourteenth Amendment rights resulting in his wrongful death.

        WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND CAUSE OF ACTION

(Violations of Plaintiffs' Right to Familial Relationship - 42 U.S.C. § 1983)

(Plaintiffs LEILANI JIMENEZ, J.J., D.J., and DENNIS JIMENEZ, Jr., Against

Defendants and DOES 1-50)

30.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 29 of this Complaint as though fully set forth;

31.     As a legal cause of Defendants, acting under color of law, acts and/or inactions, Plaintiffs were deprived of their constitutional rights to a familial relationship, and whose deliberate indifference caused injuries which resulted in decedent's death, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

32.     Defendants attempted to conceal their actions and hide the true cause of Decedent's demise to deprive Plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

33.     Defendants' conduct deprived Plaintiffs, decedent's wife and children, of their right to a relation with their husband and father, respectively. Defendants' failure to monitor decedent caused his injuries, which resulted in decedent's death.


WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


THIRD CAUSE OF ACTION

(*Monell*- 42 U.S.C. § 1983)

(Plaintiffs LEILANI JIMENEZ, J.J., D.J., and DENNIS JIMENEZ, Jr., Against

Defendants COUNTY and DOES 1-50)

34.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 33 of this Complaint.

7

35.    The aforementioned acts and/or omissions of the Defendants COUNTY, and DOES 1-50 in being deliberately indifferent to Decedent DENNIS JIMENEZ's serious medical needs and safety and violating his civil rights were the direct and proximate result of customs, practices and policies of Defendant COUNTY and DOES 1 through 50, as alleged herein.

36.    At all times herein mentioned, Defendants COUNTY and DOES 1 through 50 maintained a policy or de facto unconstitutional informal custom or practice of permitting, ignoring and condoning, Jail personnel to delay in providing adequate mental health and medical assistance for the protection of the health or safety of inmates; failing to properly observe and treat inmates, including inadequate: intake and screening and evaluation, diagnosis, referral to mental health professionals, treatment plans, administration of delivery of medications, medical record keeping, staffing, communication between medical, mental health and custodial staff, housing, supervision, access to mental and medical health care, failure to supervise, lax supervision, failure to report, investigate, and reprimand Jail personnel wrongful conduct

37.    Plaintiffs allege that Defendant COUNTY maintained a policy, custom or practice of failing to provide adequate staff in the Jail causing a failure to properly monitor the inmates.

38.    Plaintiffs allege that Defendant COUNTY maintained a policy, custom or practice of failing to provide the Jail with adequate mental health personnel.

39.     Each policy, custom or practice posed a substantial risk of serious harm to Decedent JIMENEZ and Defendant COUNTY knew, or should have known, its policy posed this risk.

40.   Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant DOES 1-50, and/or each of them, Defendant COUNTY, DOES 1-50, and/or each of them, encouraged the Jail personnel to continue their course of deliberate indifference and caused this lack of training in Jail personnel, resulting in the violation of the Plaintiffs' rights as alleged herein.

41.   The aforementioned acts and/or omissions and/or deliberate indifference by high ranking ALAMEDA COUNTY officials, including high ranking ALAMEDA COUNTY Sheriff's Department Supervisors, DOES 1-50, and each of them resulted in the deprivation of Plaintiffs' constitutional rights.  These customs, practices or policies were the legal cause of Plaintiffs' injuries, and each individual Defendant acting in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as Decedent DENNIS JIMENEZ, who was in the custody and care of Defendants.

46.     Said rights are substantive guarantees under the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION

(Wrongful Death - Negligence)

(C.C.P. §377.60 and 377.61)

(Plaintiffs LEILANI JIMENZ, J.J., D.J., and DENNIS JIMENEZ JR., against
Defendants and DOES 1-50)

47.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1
through 46 of this Complaint, except for any and all allegations of intentional, malicious,
extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all
allegations requesting punitive damages.

48.     Defendants COUNTY, by and through its agents and employees, DOES 1 –
50 inclusive, proximately caused the death of decedent DENNIS JIMENEZ as a result of
their negligent conduct and/or negligent failure to act as set-forth herein, for example,
Defendants were aware that the Decedent made suicide attempts three weeks prior to his
death; Defendants were aware that Decedent used a bed sheet to attempt suicide;
Defendants returned Decedent to a jail cell with a bed sheet and he foreseeably committed
suicide.

49.     As an actual and proximate result of said defendants' negligence, and the
death of decedent, plaintiff's LEILANI JIMENEZ, minors, J.J., D.J. and DENNIS
JIMENEZ JR., have sustained pecuniary loss resulting from the loss of comfort, society,
attention, services, and support of their father and husband, decedent, in an amount
according to proof at trial.

50.     As a further actual and proximate result of said defendants' negligence, and
death of Decedent Plaintiffs incurred funeral and burial expenses, in an amount according
to proof at trial.

51.     Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have
brought this action, and claim damages from said defendants for the wrongful death of
decedent, and the resulting injuries.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.


JURY DEMAND
52.     Plaintiffs hereby demand a jury trial in this action.

PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants and/or DOES 1 through 50 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred.

LAW OFFICES OF JOHN L. BURRIS

Dated: October 4, 2013                    /s/ Ben Nisenbaum, Esq.
                                           Benjamin Nisenbaum,
                                           Attorney for the Plaintiffs

11